IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-67,880-03 & WR-67,880-04




EX PARTE LUCKY JOHN LUNA, Applicant




ON STATE’S MOTION FOR REHEARING ON
APPLICATIONS FOR A WRIT OF HABEAS CORPUS
CAUSE NOS. W02-3177-Q(B) & W05-00345-Q(B)
IN THE 204TH DISTRICT COURT FROM DALLAS COUNTY




            Per curiam.
 
O R D E R

            On January 15, 2014, we granted Applicant’s request for relief pursuant to his application
for writ of habeas corpus alleging that he received ineffective assistance of counsel during his
sentencing hearing on the offenses of aggravated sexual assault and sexual assault. Ex parte Luna,
Nos. WR-67,880-03 & WR-67,880-04, slip op. at 1-2 (Tex. Crim. App. Jan 15, 2014) (not
designated for publication). We set aside Applicant’s previous sentences of fifteen and ten years’
imprisonment imposed for the respective offenses and granted new sentencing proceedings. Id. 
            On January 23, 2014, the State filed a motion for rehearing alleging, among other things, that
due to the Dallas County District Clerk’s error, this Court did not have the State’s objections to the
trial court’s findings of facts and conclusions of law and could not have considered them in
evaluating Applicant’s request for relief. The State’s motion is well taken. We therefore grant the
State’s motion for rehearing, withdraw our opinion granting relief, and remand this application to
the trial court to obtain a response from the sentencing judge, the Honorable Gary Stephens, and for
further findings and conclusions. 
            The trial court shall direct the Honorable Gary Stephens to respond to the findings of fact and
conclusions of law entered by the Honorable Lena Levario on September 25, 2013. The response
shall include, but is not limited to, whether the entered findings of fact and conclusions of law are
supported by the Honorable Gary Stephens’s personal recollection and whether they are consistent
with the Honorable Gary Stephens’s sentencing practices. 
             The trial court may use any means set out in Texas Code of Criminal Procedure Article
11.07, § 3(d). Applicant appears to be represented by counsel. If he is not and the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            After reviewing the Honorable Gary Stephens’s response, the trial court shall make further
findings of fact and conclusions of law as to whether the performance of Applicant’s trial counsel
was deficient and, if so, whether counsel’s deficient performance prejudiced Applicant. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 60 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 90 days of the date of this order. Any extensions of time shall be
obtained from this Court.
 
Filed: April 30, 2014
Do not publish